**Pibila Thomas SOUNDO, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 13–3235.

United States Court of Appeals, Second Circuit.

Dec. 22, 2014.

Andy Wong, New York, N.Y., for Petitioner.

Stuart F. Delery, Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; Kohsei Ugumori, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, RICHARD C. WESLEY, SUSAN L. CARNEY and Circuit Judges.

### *SUMMARY ORDER*

Petitioner Pibila Thomas Soundo, a native and citizen of Burkina Faso, seeks review of a July 31, 2013, order of the BIA affirming the December 20, 2011, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and Convention Against Torture ("CAT") relief. In re Piblia Thomas Soundo, No. A200 746 875 (B.I.A. Jul. 31, 2013), aff'g No. A200 746 875 (Immig. Ct. New York City Dec. 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008).

For asylum applications governed by the REAL ID Act, such as Soundo's, the IJ may, considering the totality of the circumstances, base a credibility finding on an

**4**

asylum applicant's demeanor, candor, or responsiveness, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163–65. Here, the totality of the circumstances, including Soundo's inconsistent and evasive testimony and the lack of corroborating evidence, supports the IJ's credibility determination.

Given Soundo's inconsistent, evasive, and uncorroborated testimony, substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying Soundo asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167; *see also Paul v. Gonzales,* 444 F.3d 148, 155–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).